UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD FERREIRA,<br>    Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL HOTELS, INC.; MIH VICE PRESIDENT OF FRANCHISING; BUFFALO LODGING; BUFFALO LODGING ASSOCIATES; BUFFALO-LINCOLN ASSOCIATES; COURTYARD PROVIDENCE LINCOLN HOTEL; JEFFREY DOUGAN; THOMAS ROUSHER; TIMOTHY SCOTT; PAMELA KEEVEN; JONATHAN SANTIAGO; JOHN ORZUNA; and JOHN MEDINA,<br>    Defendants. | C.A. No. 19-131-JJM-PAS |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Richard Ferreira filed this suit against several corporate entities he believed to be affiliated with the Courtyard Lincoln hotel where he was staying when an unidentified person shot him. He also sued several individuals affiliated with the hotel who he alleges through their actions or failures to act were involved in the incident. Before the Court is Defendants' Motion to Dismiss the Amended Complaint. ECF No. 108. For the reasons to follow, the Court GRANTS the motion, and dismisses all claims.

I.   FACTS AND PROCEDURAL BACKGROUND

Mr. Ferreira alleges many facts against the many individuals he has sued in his complaint but, because the grounds for Defendants' motion are largely procedural, the Court will only recount the facts pertinent to its discussion of the motion.

After traveling with a female friend to various casinos in Connecticut and Rhode Island, Mr. Ferreira rented a hotel room on April 29, 2016 at the Courtyard Marriott Providence Lincoln Hotel in Lincoln, Rhode Island ("Marriott"). ECF No. 86 ¶ 2. Mr. Ferreira alleges that Defendants Jonathan Santiago, John Orzuna, and John Medina were working at the hotel early that morning. *Id.* He alleges that they left their workstations for seventeen minutes and, during that time, two men entered the hotel and went to his room. *Id.* They knocked on his door claiming to be hotel employees who wanted to return Mr. Ferreira's identification. *Id.* He opened the door, and the men stuck a gun in his face, intending to rob him, and ultimately shot him twice. *Id.* He claims that not only the individual defendants, but also the Marriott corporate entities he has sued are responsible for his injuries. *Id.*

On March 14, 2019, Mr. Ferreira filed his complaint, suing Marriott International Hotels, Bill Marriott, Jr., and various John Does. Bill Marriott, Jr. was dismissed by motion. Mr. Ferreira amended his complaint on December 26, 2019 to add four corporate Defendants–Buffalo Lodging, Buffalo Lodging Associates, LLC, Buffalo-Lincoln Associates, LLC, and Courtyard Providence Lincoln Hotel–and seven individual hotel employees–Jeffrey Dougan, Thomas Rousher, Timothy Scott, Pamela

Keeven, Jonathan Santiago, John Orzuna, and John Medina.[1] ECF No. 86. All newly added corporate Defendants and individuals have moved to dismiss the Amended Complaint on procedural and substantive grounds. ECF No. 108.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims presented in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *García-Catalán*, 734 F.3d at 103 (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

---

[1] Through the briefing process on Defendants' motion, Mr. Ferreira agrees that Defendants Dougan, Rousher, and Keeven should be dismissed. He also dismisses his conversion claim.

3

### III. DISCUSSION

Because Mr. Ferreira agrees to voluntarily dismiss three individuals, the remaining moving Defendants include four corporate entity and four individuals. The Court will turn to the corporations first.

#### A. Corporate Defendants

In his Amended Complaint, Mr. Ferreira added Defendants Buffalo Lodging, Buffalo Lodging Associates, LLC, Buffalo-Lincoln Associates, LLC, and Courtyard Providence Lincoln Hotel. Defendants first move to dismiss Buffalo Lodging and Courtyard Providence Lincoln Hotel because they are not corporate entities. Mr. Ferreira argues that the corporate Defendants do not want to accept responsibility for the actions and failures of Mr. Santiago, Mr. Orzuna, and Mr. Medina, but based on the affidavits Defendants provided, Buffalo Lodging and Courtyard Providence Lincoln Hotel could not accept responsibility as they do not exist. ECF No. 108-5. They are dismissed.

Buffalo Lodging Associates, LLC and Buffalo-Lincoln Associates, LLC remain. They move to dismiss, arguing that the statute of limitations had run before Mr. Ferreira amended his complaint to add them and that they do not relate back to the original complaint under Rule 15 of the Federal Rules of Civil Procedure.

Rule 15(c)(1) provides that an amendment relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;

4

  (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
  (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Buffalo Lodging Associates is a 100% owner and parent company of Buffalo-Lincoln Associates who owns and operates the hotel. In an affidavit attached to the Amended Complaint, Mr. Ferreira acknowledges that he recalls viewing the sign posted at the location showing that the hotel was owned/operated by Buffalo-Lincoln Associates, LLC when he entered the hotel in April 2016. ECF No. 86 at 49. Mr. Ferreira's acknowledgment makes clear that he was not mistaken as to the identities of the corporate hotel owners/operators. He is not substituting them for the Marriott Defendants because he named the wrong Defendants; instead, the record is clear that he failed to name a party that he knew about as of the day of the incident within the three year statute of limitations. Adding Buffalo Lodging Associates, LLC and Buffalo-Lincoln Associates, LLC does not relate back under Rule 15; as such those Defendants are dismissed because the statute of limitations ran before Mr. Ferreira amended his complaint to add them.

### B. Individual Defendants - Timothy Scott, Jonathan Santiago, John Orzuna, and John Medina

Mr. Ferreira named John Does in his original complaint and substituted the individually named Defendants when he amended his complaint after the three-year statute of limitations had passed. These new defendants can be saved from dismissal if they relate back to the date of the original complaint under Rule 15 of the Federal Rules of Civil Procedure. The Court refers again to Rule 15(c)(1)(C)(ii), which allows an amendment to relate back if the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." This "mistake proviso was drafted to resolve the problem of a misnamed defendant and allow a party to correct a formal defect such as a misnomer or misidentification." *Cholopy v. City of Providence*, 228 F.R.D. 412, 418 (D.R.I. 2005) (quoting *Ferreira v. City of Pawtucket*, 365 F. Supp. 2d 215, 217 (D.R.I. 2004) (internal quotation marks omitted); *see also* Fed.R.Civ.P. 15 Advisory Committee's Note to 1991 amendment. Accordingly, an amendment to change the name of a defendant relates back only "where there has been an error made concerning the identity of the proper party," and not "where ... there is a lack of knowledge of the proper party." *Wilson v. United States*, 23 F.3d 559, 563 (1st Cir. 1994) (quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)) (internal quotation marks omitted).

When "the naming of 'John Doe' defendants is not an error, but rather results from a plaintiff's lack of knowledge as to the identity of the proper party at the time of filing, amendments identifying such defendants cannot relate back under Rule 15."

*Ferreira*, 365 F. Supp. 2d at 217; *see also Bussell v. Rhode Island*, No. C.A. 14-109 S, 2014 WL 3732096, at *2 (D.R.I. July 25, 2014); *Wilson*, 23 F.3d at 563. In this case, Mr. Ferreira did not make a mistake in the original complaint but lacked the knowledge of the hotel employees' identities.[2] Because there was no mistake to be forgiven under Rule 15(c)(1)(C)(ii), Mr. Ferreira's substitution of Timothy Scott, Jonathan Santiago, John Orzuna, and John Medina for John Does after the statute of limitations expired does not relate back to the original complaint filed within the statute of limitations. This approach also makes sense as a matter of policy "because otherwise any complaint with 'John Doe' defendants would have an indefinite and potentially infinite limitations period." *Cholopy*, 228 F.R.D. at 418. Therefore, the claims against them are out of time and must be dismissed.

## IV.   CONCLUSION

In this suit, Mr. Ferreira names corporate entities that do not exist, individuals who were not employees at the time of the incident, and named new Defendants after the expiration of the statute of limitations with no applicable relation back exception. The Court GRANTS Defendants' Motion to Dismiss. ECF No. 108.

---

[2] Mr. Ferreira does not establish any narrow circumstances that would have allowed him to invoke the discovery rule. *Marano v. RBS Citizens Fin. Grp. Inc.*, C.A. No. 12-639ML, 2012 WL 7170421, at *4 (D.R.I. Dec. 27, 2012) ("The Rhode Island Supreme Court has consistently held that the discovery rule is reserved for 'narrowly circumscribed factual situations when the fact of the injury is unknown to the plaintiff such that the applicable statute of limitations is tolled until, in the exercise of reasonable diligence, the plaintiff should have discovered the injury or the wrongful conduct.")

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

November 20, 2020

8